UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE HARRIS,

    Plaintiff,

v.                                  Case No.  5:16cv84/MP/CJK

SGT. INFINGER, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 9).  For the reasons that follow, the undersigned concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

    Plaintiff is an inmate of the Florida penal system currently confined at Dade Correctional Institution.  Plaintiff's complaint names as defendants two prison officials at his prior place of confinement, Northwest Florida Reception Center: Sergeant Infinger and Correctional Officer Pate.  Plaintiff claims Infinger and Pate violated his constitutional rights on December 19, 2015, when they took his tennis

shoes without providing him a property sheet, and ultimately destroyed or misplaced them. As relief, plaintiff seeks the return of his shoes. (Doc. 9).

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted

as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id*.  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id*., 550 U.S. at 570.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

    1.  the conduct complained of was committed by a person acting under color of state law; and

2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff does not identify which constitutional right he believes was violated. (Doc. 9, p. 7). In a previous order (doc. 8), the court advised plaintiff that his allegations do not give rise to a plausible claim for relief under the Equal Protection Clause, the Due Process Clause, or the Eighth Amendment (the constitutional bases asserted in plaintiff's original complaint). Plaintiff's amended complaint asserts that the defendants deprived him of his property without following proper procedures, which the court construes as a procedural due process claim under the Fourteenth Amendment. As plaintiff was advised previously, his allegations do not plausibly state a procedural due process claim, because he has an adequate post-deprivation remedy available under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (holding, as to inmate's § 1983 claim against prison officer arising from officer's destruction of inmate's property, that prison guard's unauthorized intentional deprivation of property did not constitute a violation of the Due Process Clause because meaningful post-deprivation remedies

for the loss were available under state law); *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (explaining that the seizure of an individual's property does not give rise to liability under § 1983 "if a meaningful post-deprivation remedy for the loss is available."). Because Florida Statutes § 768.28 provides a remedy for the deprivation of plaintiff's property caused by the wrongful acts of the defendants, plaintiff cannot maintain a § 1983 claim based on the alleged deprivation.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 15th day of September, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.